## HERRMANN v. HENDRIX et al.

### No. 3986.

Court of Civil Appeals of Texas. El Paso.

Nov. 20, 1940.

Rehearing Denied Dec. 12, 1940.

R. G. Harris, of San Antonio, for appellant.

Chas. W. Duke and William Alter, both of San Antonio, for appellees.

WALTHALL, Justice.

This suit was brought by appellees, A. A. Hendrix and Henry A. Robards, to recover of appellant, Albert Herrmann, the sum of $400, alleged to be due them as commissions for finding a purchaser of the land described in the petition. The record shows that appellees procured a purchaser in the person of I. Brenner, who agreed to purchase the land upon the terms and at the price agreed upon, and as provided and stated in the earnest money sale contract; part of the purchase price was to be paid in cash and part was to be evidenced by a note secured by vendor's lien. The earnest money receipt states substantially the following: A deed of trust (using the Stewart Title Guaranty 'Company's form), seller to furnish certificate of Title Insurance Policy issued by the Stewart Guaranty Company; general warranty deed and tax statements given showing no delinquent taxes; current taxes, insurance, rents and water rents, if any, to be prorated to date. Title to be good and marketable, or to be so forthwith at expense of seller. If title insurance policy is furnished, same to be delivered as and when deal is closed; deal to be closed within fifteen days from date, unless attorneys of guaranty company discover objections to title, in which case deal to be closed when objections are removed. By the delivery of a title insurance policy all duties and obligations of seller as to sufficiency of title required hereunder shall be deemed to be fully performed by him. "If title is objectionable and cannot be cleared within a reasonable time, buyer may demand back this earnest money, thereby releasing the seller from this earnest receipt."

Appellees alleged that Brenner was ready, able and willing to comply with the sale on the terms as proposed, and tendered performance, but that defendant "was unable to comply with the same," whereupon the sale was not made and appellees sue and ask judgment for the commissions with interest and costs.

Appellant, among other answers, directed a special exception to paragraph two of appellees' petition, on the ground that "same is indefinite, uncertain, ambiguous, and does not apprise defendant of the facts intended to be proved."

The court overruled the special exception. Appellant, without waiving the exception, further answered that A. A. Hendrix, before the signing by Brenner of the earnest money receipt, had notice and was informed that "the property described in plaintiffs' petition was subject to restrictions contained in a certain deed in the chain of title."

The record contains no statement of facts, and we are not advised as to what the "restrictions" in the deed in appellant's chain of title consisted; nor are we advised as to what information or knowledge the brokers had of appellant's title to the land involved in the suit, or any knowledge on the part of appellees, or either of them, of any objection that Brenner might make to the title, and which appellees failed to communicate to Brenner. The purchaser refused to accept the title, and we understand it was because of the restrictions.

The court rendered judgment that appellees recover against appellant the sum of $400 with interest and costs, from which this appeal is duly prosecuted.

In view of the whole record before us we think the court was not in error in overruling appellant's special exception to appellees' petition.

We have not found in appellees' petition a statement of any knowledge on their part of any defect in the seller's title to the land in controversy, as suggested by appellant.

■ We quite agree with appellant's proposition of law to the effect that the broker, to authorize him to recover commissions, must communicate to the buyer any valid objection to the title to the land he is offering for sale of which the broker has knowledge. 7 Tex.Jur. page 491, par. 93, and cases referred to in the notes.

■ As a rule the seller is liable for commission if the sale has failed of consummation owing to defect in the title.

■ Nowhere in the record is it shown that "restrictions" were in the seller's title except in the judgment, and it is not made to appear that the brokers had knowledge of such fact.

We find no reversible error in the record and the case is affirmed.